UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BLAKE O'BRYAN SWANN, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:24-CV-00178-TAV-DCP |
| OMNI COMMUNITY HEALTH and DR. JACQUELINE TERRY | ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Amended Application to Proceed In Forma Pauperis [Doc. 8].[1] For the reasons more fully stated below, the Court **GRANTS** Plaintiff's Amended Application to Proceed In Forma Pauperis [**Doc. 8**]. Plaintiff shall be allowed to file his Complaint without prepayment of costs. The Court **RECOMMENDS**, however, that the District Judge **DISMISS** the Complaint [**Doc. 1**] in its entirety.

I.   **DETERMINATION ABOUT THE FILING FEE**

Plaintiff has filed an Application to Proceed In Forma Pauperis ("Application") with the required detailing of his financial condition pursuant to 28 U.S.C. § 1915(a)(2). Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the

---

[1] Plaintiff originally filed his Application to Proceed In Forma Pauperis [Doc. 2] on April 19, 2024 using an incorrect form. On April 23, the Court ordered him to cure the deficiency within thirty days using the proper form, which the Clerk mailed to Plaintiff [Doc. 7]. Plaintiff filed an Amended Application to Proceed In Forma Pauperis [Doc. 8] on May 9, 2024, and therefore Plaintiff's original Application to Proceed In Forma Pauperis [**Doc. 2**] is **DENIED AS MOOT**.

administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). To proceed *in forma pauperis*, the plaintiff must show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding *in forma pauperis*. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed *in forma pauperis* is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339.

The Court finds the Application is sufficient to demonstrate that Plaintiff has little income and few assets. Considering Plaintiff's Application, it appears to the Court that Plaintiff's economic status is such that he cannot afford to pay for the costs of litigation and still pay for the necessities of life. Accordingly, the Court **GRANTS** Plaintiff's Application [**Doc. 8**]. The Court **DIRECTS** the Clerk to file the Complaint in this case without prepayment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

II.     RECOMMENDATION AFTER SCREENING OF COMPLAINT

As part of assessing an application to proceed *in forma pauperis*, the Court is required to screen complaints pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). Federal Rule of Civil Procedure 8(a)(2) requires complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A court is required to "dismiss the case at any time if [it] determines that . . . the action . . . (i) is frivolous or

2

Case 3:24-cv-00178-TAV-DCP    Document 12    Filed 05/20/24    Page 2 of 7    PageID #: 28

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is legally frivolous "when 'indisputably meritless' legal theories underlie the complaint," and the complaint is factually frivolous "when it relies on 'fantastic or delusional' allegations." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)). "The pleadings of pro se petitioners are held to less stringent standards than those prepared by attorneys, and are liberally construed when determining whether they fail to state a claim upon which relief can be granted." *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

Plaintiff filed a Complaint [Doc. 1] on April 19, 2024, naming Omni Community Health and Dr. Jacqueline Terry ("Dr. Terry") as Defendants.[2] He alleges that his Complaint is for "malpractice-improper, illegal, or negligent professional activity or treatment" and "mental anguish" [*Id.* at 1].[3] In April 2023, Plaintiff alleges he "obtained service from omni community health johnson city" and that his "case management team treated [him] poorly" [*Id.*]. James Mathis, Plaintiff's "phyicatric," is alleged to have "alternat[ed] his back ground during video calls" and invaded Plaintiff's privacy because he "wasnt just talking to him" [*Id.*]. Plaintiff also states

---

[2] In the heading of Plaintiff's Complaint, he includes what appears to be the address of Defendant Omni Community Health as 208 Sunset Drive, Suite 104, Johnson City, Tennessee, 37604 [Doc. 1 p. 1]. He also includes the name "Omni Community Health Office" below the name of Defendant Dr. Jacqueline Terry with the following address: 4709 Papermill Drive, Suite 101, Knoxville, Tennessee 37909 [*Id.*]. Plaintiff states in his Complaint, "Dr. Jacquelin Terry of Knoxville Omni," [*id.*] such that the Court understands the intended address of Defendant Dr. Terry to be the Omni Community Health Office located in Knoxville, Tennessee.

[3] All quotations from Plaintiff's Complaint appear as submitted without alteration.

3

in his Complaint that his "aledge health resources case manager 'Chelsie Wagner' . . . did nothing but make caLLS for recertification of there program" and "couldnt even tell [Plaintiff] the weekly wind speeds; which to could be considered a human resource" because Plaintiff is a "welder." [*Id.*].  Plaintiff also states that Chelsie Wagner threatened to terminate Plaintiff's case management "for no reason" [*Id.*].  Around December, Plaintiff alleges "that Dr. Jacquelin Terry of Knoxville Omni cut [him] off [his] medication" because his pharmacy reported to her that Plaintiff was "bumming for pills" which Plaintiff characterizes as "frivolous" [*Id.*].  Instead, Plaintiff explains he was "trying to offer the people a simple dvd in froont the red box" [*Id.*].  Plaintiff maintains that since Dr. Terry was not the one "who wrote the medication," which the undersigned interprets to mean prescribed the medication, her actions constitute "malpractice-improper, illegal, or negligent professional activity or treatment" [*Id.*].  Further, Plaintiff states that "they didnt even contact me about this even being orchestred especially by a medical practitioner, lawyer, or public official" [*Id.*].  As a result of these actions, Plaintiff states that he has had multiple seizures and has been hospitalized [*Id.*].  Plaintiff seeks $3 billion for pain and suffering [*Id.*].

Having conducted the review required by 28 U.S.C. § 1915(e)(2), the undersigned recommends that Plaintiff's Complaint be dismissed.  "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).  Upon review of Plaintiff's Complaint, Plaintiff does not appear to claim any violation of any federal statutes and provides no factual allegations to explain or support the exercise of subject matter jurisdiction under a federal statute.

"The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different

States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing 28 U.S.C. § 1332(a)(1)). The party asserting diversity jurisdiction bears the burden of establishing the parties' citizenships. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it."). Plaintiff seeks three billion dollars in damages [Doc. 1 p. 1]. Thus, "from the face of the Complaint, he has met the amount in controversy requirement." *Fortson v. Lancer Ins. Co.*, No. 3:17-CV-116-CDL, 2018 WL 3090505, at *3 (M.D. Ga. Jan. 18, 2018), *report and recommendation adopted*, No. 3:17-CV-00116-CDL, 2018 WL 3090390 (M.D. Ga. Feb. 16, 2018). However, Plaintiff has not met his burden of proving there is complete diversity of citizenship between the parties because he has either indicated the Defendants are citizens of Tennessee or has otherwise provided insufficient facts to establish Defendants' citizenship.

Individuals are citizens of the state where they are domiciled and intend to remain indefinitely. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Plaintiff is a citizen of Tennessee as he provided a Tennessee address on his Application [Doc. 8 p. 2]. Similarly, Plaintiff provided a Tennessee address for Defendant Omni Community Health in his Complaint [Doc. 1 p. 1]. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). With respect to Dr. Terry, Plaintiff appears to only identify her by her office address at "Omni Community Health Office" rather than her place of domicile, and thus the Court does not have enough information in order to determine citizenship of all Defendants. *Hines King v. Baptist Mem'l Hosp. Memphis*, No. 13-3004-JDT-TMP, 2014 WL 223457, at *1 (W.D. Tenn. Jan. 21, 2014) (upholding magistrate judge's decision to dismiss plaintiff's complaint because "[p]laintiff's allegations fail to establish that the Court has either federal question jurisdiction

5

under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332."). Therefore, Plaintiff's Complaint lacks sufficient information for the Court to determine that diversity of citizenship exists and that the Court has diversity jurisdiction.

Further, as to Plaintiff's claim of "malpractice-improper, illegal, or negligent professional activity or treatment," Tennessee has medical malpractice laws, but federal law does not.[4] Thus, the Court finds that is lacks jurisdiction under § 1331 to hear Plaintiff's case.

The Court has considered whether it should grant Plaintiff leave to amend his Complaint but declines to do so as the Court finds that an amendment would unlikely cure the deficiencies outlined above. The Court therefore recommends that the District Judge dismiss Plaintiff's Complaint.

## III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Amended Application to Proceed In Forma Pauperis [**Doc. 8**] and **DENIES AS MOOT** Plaintiff's original Application to Proceed In Forma Pauperis [**Doc. 2**]. The Court **DIRECTS** the Clerk to file the Complaint in this case without prepayment of costs or fees. However, no process shall issue until the District Judge

---

[4] With respect to Plaintiff's claim of malpractice, it is not entirely clear if he is attempting to assert a potential claim for health care liability. Tenn. Code. Ann. § 29-26-121(a)(1). To the extent Plaintiff attempts to assert a medical malpractice claim, Tennessee Code Annotated § 29-26-121 requires litigants to provide health care providers with written notice at least sixty days before the filing of a complaint based upon health care liability. *Id.* Here, Plaintiff has not pleaded a colorful claim arising under Tennessee's medical malpractice laws, but more importantly, Plaintiff fails to properly invoke any diversity jurisdiction of this Court as explained above.

6

has ruled upon this Report and Recommendation,[5] because the undersigned **RECOMMENDS**[6] that the Complaint be **DISMISSED** in its entirety.

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[5] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[6] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).